89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James ARMSTRONG, Plaintiff-Appellant,
v.
Kenneth McGINNIS et al., Defendants-Appellees.
 No. 94-2554.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Armstrong, a state prisoner acting pro se, sued a variety of prison officials under 42 U.S.C. § 1983. He alleged that they denied him procedural due process in eight separate prison disciplinary hearings. As a result of these hearings, Armstrong was placed in disciplinary segregation, lost accumulated good-time credits, and was reduced in grade for earning good-time credit. His suit sought injunctive and monetary relief. The district court found that the Eleventh Amendment barred Armstrong's claims against defendants in their official capacity; dismissed the Director of the Illinois Department of Corrections ("IDOC"), two Wardens, and the Chairman of the IDOC Administrative Review Board for lack of personal involvement; granted summary judgment to the remaining defendants concerning three of the disciplinary hearings; and denied it regarding the other five. Following a bench trial, at which Armstrong was represented by counsel, a magistrate judge found Armstrong was denied his constitutional right to due process at two of the hearings, but awarded only nominal damages.[1] We affirm.
 
 
 2
 Armstrong first argues that the magistrate judge, once he determined that the disciplinary hearings were constitutionally inadequate, should have granted him injunctive relief in the form of reducing the amount of time to be spent in disciplinary segregation and restoring his good time credits and credit-earning class. It has been clear for decades, however, that this type of relief is available only by writ of habeas corpus. It is foreclosed to § 1983 litigants, because granting it would challenge the fact or duration of their placement in segregation.[2] Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citing Preiser v. Rodriguez, 411 U.S. 475, 494, 498-500 (1972)). The district court should have dismissed these claims for injunctive relief at the earliest opportunity.
 
 
 3
 Armstrong also challenges the magistrate judge's decision to award only nominal damages. Before we reach this question, we must determine whether Miller v. Indiana Dep't of Corrections, 73 F.3d 330 (7th Cir.1996), in which we held that the Supreme Court's decision in Heck v. Humphrey, 114 S.Ct. 2364 (1994), applies to prison disciplinary hearings, means that Armstrong's claim for damages is not cognizable under § 1983. Under the facts of this case, we find that the claim may stand.
 
 
 4
 A § 1983 claim seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" does not accrue, the Supreme Court teaches, until the conviction has been invalidated. Heck, 114 S.Ct. at 2372. Under the rationale of Heck, a prisoner may not use a suit for damages arising from an administrative hearing to challenge the lawfulness of his penalty. Miller, 75 F.3d at 331. To determine whether Heck bars a claim for damages arising from a prison disciplinary hearing, we examine "not the relief sought, but the ground of the challenge." Id.
 
 
 5
 In the case at bar, Armstrong raised the purely procedural claim that defendants denied him the minimum procedural protections which the Supreme Court established for prison disciplinary hearings in Wolff, 418 U.S. at 563-572: they did not give him appropriate notice, manipulated the hearing schedule in order to deny him an opportunity to call witnesses, and made him appear before a biased panel. Armstrong believed (albeit mistakenly) that if successful, this claim would entitle him to have his record expunged, and be re-classified for earning good-time credits, thus enabling him to get out of prison sooner. That is the sort of result Heck and Miller proscribe.
 
 
 6
 Nonetheless, the magistrate judge recognized that even where defendants denied Armstrong procedural due process, the procedural deficiencies did not cause the disciplinary hearing boards to find him guilty of breaking prison rules. In other words, they were harmless error. The Supreme Court explicitly recognized that courts can use the harmless error doctrine to decide an otherwise Heck-barred claim, because "such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 114 S.Ct. at 2373 n. 7. Consequently, because the success of Armstrong's claim did not impugn the validity of his confinement, his claim remains cognizable under § 1983.
 
 
 7
 The rationale of Heck also means that the magistrate judge correctly awarded only nominal damages for infringement of Armstrong's procedural rights. See Carey v. Piphus, 435 U.S. 247 (1978). Even if Armstrong had proved actual harm from being placed in disciplinary segregation,[3] "actual, compensable injury ... does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned)." Heck, 114 S.Ct. at 2373 n. 7. Neither, under Miller, is the injury of being placed in disciplinary segregation compensable to § 1983 litigants until either the state or a writ of habeas corpus invalidates the result of the disciplinary hearing.
 
 
 8
 Finally, Armstrong insists that the district court wrongly dismissed his complaint against the wardens and the Director of IDOC because, he argues, they failed to follow Illinois procedural rules requiring them to review reports of disciplinary hearings. We disagree. Armstrong does not argue that the defendants were directly involved in the constitutionally inadequate hearings, and the mere fact that Illinois imposed its own procedural requirements on upper-echelon prison officials is insufficient to show an independent violation of the federal constitution. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The original defendants were Kenneth L. McGinnis, Richard B. Gramley, R.D. Soulon, Jeffrey Hughes, Philip Tinsley, Michael V. Neal, Richard Williams, Wesley Brown, and Howard Peters. The district court dismissed defendants McGinnis, Gramley, Tinsley, and Neal. Defendants Peters and Soulon were dismissed prior to trial. At trial, the magistrate judge found in favor of defendant Hughes, and ordered defendants Williams and Brown to pay one dollar each in nominal damages
 
 
 [2]
 Armstrong also seeks to have the disciplinary reports from constitutionally inadequate hearings expunged from his record. Previous cases from this Circuit have found that expunction, unlike the restoration of good-time credits, may be an appropriate remedy in successful § 1983 claims. Redding v. Fairman, 717 F.2d 1105, 1108 (7th Cir.1983). We think, however, that the Supreme Court's decision in Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), decided during the pendency of this appeal, now forecloses expunction as a remedy in § 1983 claims for damages. For the application of Heck to the case at bar, see infra
 
 
 [3]
 Armstrong suggests that the magistrate judge should have appointed a medical expert to determine whether he suffered mental or emotional distress. This argument misapprehends his burden of proof. The parties never agreed to bifurcate the issues of liability and damages, and unlike criminal trials, a § 1983 case lacks a "penalty phase." Because presumed damages are not available in § 1983 litigation, Turner v. Chicago Housing Authority, 969 F.2d 461, 463 (7th Cir.1992), Armstrong bore the burden of proving his damages at trial. He failed to do so, and cannot now complain that further evidentiary hearings are necessary